UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES M. SIMON, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-5215 |
| | § | |
| WELLS FARGO BANK, N.A., and | § | |
| SHAWN GATEWOOD, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Plaintiff moves to remand this case to the state court. Dkt. 2. Upon review of the motion to remand, the response, all relevant pleadings, and the applicable law, the motion is GRANTED.

**BACKGROUND**

Plaintiffs' original state court petition contains state law claims against Wells Fargo Bank, N.A., and Shawn Gatewood, a Wells Fargo employee, for breach of contract, conversion, usury, negligent misrepresentation, negligence, fraud, violation of the Texas Deceptive Trade Practices Act ("DPTA"), injunctive relief, and violations of Texas Debt Collection Practices Act ("DCPA"). Dkt. 1-3 at 5-11. Plaintiff's claims arise from his attempts to modify a mortgage loan his home held by Wells Fargo. Plaintiff alleges that Wells Fargo made changes to his loan without his knowledge, provided inaccurate information to him, misapplied loan payments, and made several misrepresentations, all of which led to him being unable to make monthly payments and incurring penalties and being in danger of foreclosure. Defendant Gatewood is alleged to have made "specific misrepresentations" about the status of Plaintiff's account with Wells Fargo and about changes in the terms of the loan. Dkt. 1-3 at 7.

Plaintiff brought suit in state court on October 29, 2010.  Defendant Wells Fargo was served with the original petition on December 9, 2010, and removed the case on December 29, 2010, asserting that this court has diversity jurisdiction because defendant Gatewood, although a non-diverse defendant, was improperly joinded.  Dkt. 1.  Plaintiff moved to remand (Dkt. 2) and Wells Fargo opposes the motion (Dkt. 7).

## ANALYSIS

### I.     Diversity Jurisdiction - Improper Joinder Standard

To establish subject matter jurisdiction predicated on diversity, there must be complete diversity of citizenship among the parties, and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332.   But, a case may be removed despite a non-diverse defendant, if that defendant was improperly joined, i.e. was named for the purpose of destroying diversity.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  The burden to demonstrate that federal jurisdiction is proper, and that the party was improperly joined, lies with the party seeking removal.  *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

In order to determine if joinder is improper, the court must decide, based on the facts and the law, whether a state court could reasonably impose liability.  *B, Inc.*, 663 F.2d at 549 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000);  *Fields v. Pool Offshore Inc.*, 182 F.3d 353, 357 (5th Cir. 1999)).  The Fifth Circuit has endorsed a Rule 12(b)(6)-like inquiry as the preferred methodology to determine whether joinder is proper.  *Smallwood*, 385 F.3d at 573;  *Travis*, 326 F.3d

2

at 646-47.  In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)).  This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Thus, the plaintiff must demonstrate "more than a sheer possibility that the defendant has acted unlawfully."  *Id*.

On a motion to remand, all doubts as to removability are resolved in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).  "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.2d 305, 312 (5th Cir. 2002).

**II.    Shawn Gatewood**

Wells Fargo asserts that plaintiff "alleges no facts to support a cause of action against" non-diverse defendant Shawn Gatewood individually, and that any claims made against Gatewood must be premised solely upon Gatewood's "presumed status as an employee of Wells Fargo."  Dkt. 1 at 3.  Dkt. 1at 3.  First, the original petition contains factual allegations that defendant Gatewood

3

himself made "specific misrepresentations" about the status of plaintiff's loan and the changes thereto, and that these misrepresentations caused him injury. Dkt. 1-3 at 7. Thus, plaintiff does allege facts that would support a claim for misrepresentation. Second, even if the claims asserted are premised solely upon Gatewood's actions taken as an employee of Wells Fargo, Texas law provides that a corporate agent may be personally liable for his own tortious acts, even when acting within the course and scope of his employment. *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (DTPA claim: "If there is evidence that the agent personally made misrepresentations, then that agent can be held personally liable."); *Wheeler v. Box*, 671 S.W.2d 75, 79 (Tex.App.-Dallas 1984, no writ) (holding a corporate agent personally liable for misrepresentations made during the sale of a business). Thus, facially plausible claims have been stated against non-diverse defendant Gatewood, and his citizenship cannot be ignored for purposes of diversity jurisdiction.

## CONCLUSION

Upon consideration of plaintiff's motion to remand (Dkt. 2), the response, all relevant pleadings, and the applicable law, the motion to remand (Dkt. 2) is GRANTED, and this case is REMANDED to the state court forthwith.

It is so ORDERED.

Signed at Houston, Texas on February 16, 2011.

_____
Gray H. Miller
United States District Judge